### City of Pontiac v. Elizabeth Grandy.

1. ORDINARY CARE—*A Question for the Jury.*—Whether the plaintiff was in the exercise of ordinary care when injured is a question for the jury.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903. Rehearing denied April 14, 1903.

E. A. SIMMONS, attorney for appellant.

C. C. & L. F. STRAWN, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action for personal injury against the city of Pontiac. It appears from the evidence that Elizabeth Grandy, the appellee, was riding in a cutter with Joseph Lawrence when the accident in question occurred. She was going from the village of Pontiac to visit the home of Lawrence. The accident occurred in the night time. At the

intersection of South and Locust streets in said city the cutter was tipped over, appellee thrown therefrom, receiving injuries to her wrist, for which she brought this suit. There have been two trials of the case. The first resulted in a verdict for $500. A new trial was granted. The second trial resulted in a verdict and judgment in favor of the plaintiff for $250, from which the city prosecuted this appeal.

At the street intersection above referred to the city had placed a stone somewhere in the neighborhood of two feet from the sidewalk for the alleged purpose of preventing people from driving upon or injuring the sidewalk. On the night of the accident there had been a deep fall of snow which entirely covered the stone. Lawrence was driving along in the ordinary way and drove his cutter upon the stone and tipped it over, with the resulting injury to the plaintiff above stated. The only reason assigned for the reversal of the judgment is that the evidence did not justify the finding of the jury.

The questions whether placing the stone at the street crossing was actionable negligence, and whether Lawrence, who was driving the team, was in the exercise of ordinary care, were questions of fact for the jury. Under these circumstances if Lawrence had been guilty of negligence such negligence would be imputed to appellee. Two juries have found the facts adversely to the contention of appellant. The finding of the last jury received the approval of the trial judge. We are of the opinion that the evidence warranted the finding of the jury. The judgment of the Circuit Court is affirmed.